IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,      )
                                )
        Plaintiff-Respondent,   )
                                )
v.                              )        Case No. CR-02-143-L
                                )                 CIV-03-1352-L
SALVADOR CARRASCO,              )
                                )
        Defendant-Movant.       )

**O R D E R**

Defendant-Movant ("defendant") Salvador Carrasco was charged in an

August 21, 2002 indictment with knowingly and intentionally using a

communication facility, a telephone, to discuss selling approximately two

kilograms of cocaine, and the manufacturing of the cocaine into approximately

two kilograms of cocaine base (crack), a Schedule II controlled substance, in

violation of 21 U.S.C. § 843(b) (Count 1), and knowingly and intentionally

possessing with the intent to distribute approximately 1,995 grams of cocaine, a

Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count 2).

On December 10, 2002, in accordance with the terms of a plea agreement,

defendant entered his plea of guilty to Count 2.  Under the plea agreement, the

government agreed to move for dismissal of Count 1 at sentencing.  The plea

agreement contained a provision specifying that the government could attribute

from between 3,000 to 10,000 kilograms of marijuana and marijuana equivalent to defendant for purposes of calculating the sentencing guidelines.

The plea agreement also included a waiver of defendant's right to appeal or collaterally challenge his conviction except under certain limited circumstances.  Specifically, the plea agreement contained the following provision:

*        *        *

### Waiver of Right to Appeal and Bring Collateral Challenge

8.      Defendant understands that a sentencing guideline range for his case will be determined by the Court under the guidelines issued by the U.S. Sentencing Commission.  Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which he is pleading guilty.  Defendant further understands that Title 28, United States Code, section 1291, and Title 18, United States Code, Section 3742, give him the right to appeal the judgment and sentence imposed by the Court.  Acknowledging all this, **defendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to appeal or collaterally challenge:**

    a.      **Defendant's guilty plea and any other aspect of his conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial disposition of motions and issues.**

    b.      **Defendant's sentence as imposed by the Court and the manner in which the sentence is determined**, provided the sentence is within or below the applicable guideline range determined by the Court to apply to this case, even if the Court rejects one or more of the

2

positions of the United States or the defendant set forth
in paragraph 7 concerning the application of the U.S.
sentencing guidelines.

*     *     *

December 10, 2002 Plea Agreement [Doc. No. 31] (emphasis added).

On March 6, 2003, pursuant to the plea agreement's stipulated drug

amounts, defendant was sentenced within the applicable guideline range to a

term of 155 months imprisonment.  In accordance with the plea agreement,

Count 1 was dismissed.  Throughout the pretrial, plea, and sentencing

proceedings, defendant was represented by his retained counsel of choice, Chris

Eulberg.  Defendant did not pursue a direct appeal of his sentence.

Despite the lack of an appeal and the broad language of the plea

agreement indicating that defendant knowingly and voluntarily waived his right to

either appeal or collaterally challenge his "guilty plea and any other aspect of his

conviction, including but not limited to any rulings on pretrial suppression motions

or any other pretrial disposition of motions and issues" as well as his "sentence

as imposed by the Court and the manner in which the sentence is determined,"

defendant filed a *pro se* Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or

Correct Sentence by a Person in Federal Custody.  Counsel later entered an

appearance and requested leave to file an amended § 2255 petition, which was

granted.  Defendant's Amended 28 U.S.C. § 2255 Petition was filed and the

3

government filed its Response to the amended petition, opposing relief under §
2255.

Defendant asserts that (1) the waiver of appellate rights contained in the
plea agreement does not prohibit him from raising the claims alleged in the
amended petition, (2) trial counsel operated under an impermissible conflict of
interest in his representation of defendant and was thus unable to properly advise
him regarding the plea or waiver, and (3) trial counsel rendered ineffective
assistance of counsel in failing to either object to the warrantless search of
defendant's vehicle or negotiate retaining defendant's right to appeal the search
issue in the waiver.

It is appropriate for the court to hold a defendant and the government to the
terms of a lawful plea agreement.  United States v. Arevalo-Jimenez, 372 F.3d
1204, 1207 (10th Cir. 2004).  The Tenth Circuit has held that a defendant's
waiver of collateral attack rights contained in a plea agreement is enforceable if
the defendant has agreed to its terms knowingly and voluntarily.  United States v.
Cockerham, 237 F.3d 1179 (10th Cir. 2001).  The waiver of rights under 28
U.S.C. § 2255 contained in a plea agreement is enforceable when the collateral
attack does not challenge counsel's representation in negotiating or entering the
plea or the waiver.  Id. at 1187.

The Tenth Circuit has adopted a three pronged analysis for the court to use
in evaluating the enforceability of a waiver of § 2255 rights in a plea agreement.

United States v. Hahn, 359 F.3d 1315 (10th Cir. 2004).  Under the Hahn analysis, the court must determine: (1) whether the disputed issue falls within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.  Id., 359 F.3d at 1325.  A miscarriage of justice occurs when (1) the district court relied on an impermissible factor, such as race, (2) defense counsel provided ineffective assistance in connection with the negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Id. at 1327.

To establish constitutionally ineffective assistance of counsel, a defendant must show: (1) that his or her attorney's performance was deficient and (2) that the deficient performance prejudiced the defense.  Rogers v. United States, 91 F.3d 1388, 1391 (10th Cir. 1996) (citing Strickland v. Washington, 466 U.S. 668 (1984)). Counsel's performance is deficient if the representation falls below an objective standard of reasonableness.  Id. at 690.  Prejudice is defined as a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Id. at 694.  A "reasonable probability" is a probability sufficient to undermine confidence in the outcome.  Id.  There is a strong presumption that counsel provided effective assistance, and a §2255

movant has the burden of proof to overcome that presumption.  <u>United States v.
Williams</u>, 948 F. Supp. 956, 960 (D. Kan. 1996).

The court's review of the present § 2255 motion is somewhat complicated
by defendant's argument that negotiation of his plea agreement was affected by
the presence of a conflict of interest.  Because of this alleged conflict of interest,
defendant now claims that Mr. Eulberg was unable to properly advise him
regarding the plea agreement or the waiver of his appellate and collateral attack
rights.  As noted by the government, however, the court ruled on the conflict of
interest issue well before defendant's acceptance of the plea agreement, finding
that defendant had knowingly waived his right to counsel free of conflicts.  Later,
at the plea hearing, defendant knowingly and voluntarily waived his right to
appeal or collaterally challenge the court's "pretrial disposition of motions and
issues" – including the court's pretrial ruling on the conflict of interest issue.

The procedural history of this case reveals that the government, not
defendant, filed a Notice of Conflict of Interest bringing the potential conflict of
interest to the court's attention.  The government advised the court that Mr.
Eulberg had previously represented Rolando Samaniego in a prior drug-related
case in this district (Case No. CR-97-152-C).  Mr. Samaniego was identified as a
person who had provided the government with information about defendant's
drug trafficking activities.  The government planned to call Samaniego as a
witness to testify at any sentencing of defendant regarding relevant conduct, *i.e.,*

drug amounts attributable to defendant.  The government argued, and the defendant and his counsel were made well aware, that Samaniego's testimony would significantly impact defendant's sentence.

The court conducted a full hearing regarding the potential conflict of interest caused by Mr. Eulberg's representation of Mr. Samaniego in the prior criminal case.  As previously stated, the court found that defendant waived his right to conflict-free counsel.  Although defendant now wishes the court to revisit this ruling, the court finds that defendant has waived his right to challenge this ruling unless he can demonstrate that his plea agreement and waiver are invalid.

In considering Mr. Eulberg's representation of defendant at the time of the entry of the plea, the court finds that defendant's completely self-serving allegations at this stage of the proceedings are insufficient to negate defendant's statements to the court under oath at his plea hearing, which are conclusive in the absence of a believable reason justifying their rejection.  United States v. Bambulas, 571 F.2d 525, 526 (10th Cir. 1978).  It is reasonable to assume that if defendant truly believed that his chosen counsel was operating under a conflict of interest, he would seek to have the entire plea agreement set aside.  Defendant does not request this, however.  Here, defendant wishes to take benefit from the advantageous provisions of the plea agreement he entered into with the government, but to reject those portions which he now believes are disadvantageous.  Defendant's self-serving arguments do nothing, however, to

7

show that the waiver of appellate and collateral review rights was anything other than knowing and voluntary.  Defendant has failed to show that the alleged conflict of interest affected his attorney's performance in the plea process, therefore, the waiver of his right to collaterally challenge his conviction is enforceable.  The court agrees with the observation of the government that defendant has failed to rebut the presumption that Mr. Eulberg's representation during the plea process consisted of objectively reasonable tactical decisions that were not improperly influenced by his prior representation of Mr. Samaniego.  As stated by the government in its response brief, defendant "fails to point to any evidence of record, present any factual averments, or proffer any evidence disclosing anything about the advice he received from Eulberg in the plea negotiation process, much less establish that the plea advice he received was actually tainted in any way by Eulberg's prior representation of Samaniego and that the taint resulted in his being materially misinformed on any matter relating to his acceptance of the plea agreement."  Government's response brief, p. 12, n. 2.

The record clearly demonstrates that defendant knowingly and voluntarily entered into the plea agreement and the waiver provision.  Defendant has failed to establish that ineffectiveness of his counsel tainted the voluntariness of his plea agreement or the waiver.  Because the issues defendant now seeks to raise clearly fall within the scope of his waiver, they are prohibited by the terms of his plea agreement.

Accordingly, defendant's original Motion under 28 U.S.C. § 2255 **[Doc. No. 41]** and his Amended 28 U.S.C. § 2255 Petition – Motion to Vacate, Set Aside and Correct Sentence **[Doc. No. 60]** should be and are hereby **DENIED.** Defendant's Motion for Leave to File Supplement to his amended § 2255 motion **[Doc. No. 64]** in order to address the applicability of the Supreme Court's rulings in <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531 (2004) and <u>United States v. Booker</u>, 543 U.S. ____, 125 S.Ct. 738 (2005) is **DENIED** pursuant to <u>United States v. Bellamy</u>, 411 F.3d 1182, 1186-87 (10th Cir. 2005) (concluding that like <u>Blakely</u>, <u>Booker</u> does not apply retroactively on collateral review).

Finally, the court determines that the record is sufficiently developed such that an evidentiary hearing on defendant's motion is not required.  <u>United States v. Marr</u>, 856 F.2d 1471, 1472 (10th Cir. 1988).

It is so ordered this 4th day of November, 2005.

_____
TIM LEONARD
United States District Judge